**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 22-cr-10356-LTS** |
| | ) | |
| **ELIJAH MELTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MOTION FOR HEARING REGARDING THE COURT'S ORDER DISQUALIFYING ATTORNEY BRINDLEY IN THIS CASE</u>

## <u>INTRODUCTION</u>

The government hereby seeks an immediate hearing regarding the violation of the

Court's Order, issued on or about August 11, 2025, which disqualified Attorney Beau Brindley

from representing Defendant Elijah Melton in this case. *See* Doc. No. 255 (hereinafter the

"Order") (attached hereto as Exhibit 1). In the Order, the Court found:

> Attorney Brindley cannot constitutionally and ethically represent Melton in this action, and no waiver or colloquy responses from Melton can avoid this result. The Court concludes, based on the evidence, that Attorney Brindley has a longstanding, enduring, and overriding loyalty to [Theodore] Richards not only in <u>Melton III</u> [Case No. 25cr10288-LTS], but generally. *That loyalty carries over to this case, impedes Attorney Brindley's ability to diligently and fully advise Melton, and poses a serious risk of undermining the integrity of the criminal trial. It also gives rise to a conflict of interest that is, in the Court's view here, unwaivable.*

*See* Order at p. 27 (emphasis added).

As discussed in more detail below, over the last few days, email communications from

Attorney Brindley establish that he has engaged in actions consistent with both actively

representing Defendant Melton in this case and providing legal advice to Melton concerning this

case. The government believes that these actions violate the Court's Order and may have had an

1

impact on the litigation of this case in various areas, including potential resolution of the case and the legal representation of Defendant Melton in this case.

On March 16, 2026, Attorney Brindley unilaterally sent an email to (1) the two AUSAs responsible for the prosecution of the pending case involving Melton in the District of Rhode Island; (2) one of the AUSAs in this case; and (3) counsel for Defendant Melton in this case – Attorney Keith Halpern. *See* Exhibit 2 attached hereto. In this email, Attorney Brindley sought to resolve this case, and the other pending Massachusetts drug case (25cr10288-LTS)[1], and proposed a plea deal that would resolve the two drug cases against Melton. Attorney Brindley injected himself into plea negotiations in this case despite (1) the Court's express Order that he was disqualified from this case and (2) the fact that Attorney Halpern was already involved in plea negotiations with the government on behalf of Defendant Melton for both drug cases – Attorney Halpern is counsel in both drug cases.

These actions, as well as others, clearly violate this Court's Order and raise significant constitutional issues in the litigation of this case.

## **ARGUMENT**

This Court disqualified Attorney Brindley from representing Defendant in this case pursuant to the detailed analysis set forth in the Order. This Court outlined the weighty issues associated with legal representation in a criminal case under the Sixth Amendment (*see* Order at pp. 14-16) and found that Defendant's constitutional rights would be protected through the disqualification of Attorney Brindley based on multiple interrelated reasons. *Id*. at p. 17. This

---

[1] Attorney Brindley represents Theodore Richards, the co-defendant in this second case, ***not*** Defendant Melton, who is represented by Attorney Halpern.

Court noted "that this case … presents a potential for serious concurrent conflicts between Attorney Brindley's duties to Melton in this case and to Richards in <u>Melton III</u> [Case No. 25cr10288]. Attorney Brindley's preexisting relationship with, and current responsibilities to, Richards create a significant risk of materially limiting his representation of Melton and *undermining the integrity of a criminal trial in this case*." *Id*. (emphasis added). As part of its review, this Court declined "to credit Attorney Brindley's assertions that he can loyally and ethically represent Melton despite any conflicts of interest, in light of Attorney Brindley's history, in this case and elsewhere." *Id*. at p. 20.

This Court further identified that constitutional issues related to plea negotiations and potential cooperation were significant in this case. This Court noted that the "rules of professional responsibility as well as the United States Constitution entitle Melton to zealous and impartial advice on these issues free of conflicts." *Id*. at p. 24. This Court found "on the record before it, that Attorney Brindley cannot give Melton such advice here." *Id*. This Court also found "that Attorney Brindley cannot provide Melton unconflicted advice about these questions of whether to cooperate or plead guilty, because Melton's interests as to both questions may very well conflict in a variety of ways with the interests of Richards, Brindley's other (and principal) client. … ***The potential conflicts posed by Attorney Brindley's representation of Melton in this case and Richards in <u>Melton III</u> will necessarily and materially hamper his capacity to provide the type of advice on these issues that the Constitution guarantees Melton***." *Id*. at pp. 27-28 (emphasis added).

In this case, the government has been involved in discussions with Attorney Halpern regarding a potential plea resolution of this case (and the other drug case involving Melton), and

3

those discussions have intensified over the last few weeks.  As discussed above, on March 16, 2026, Attorney Brindley, in violation of this Court's Order, unilaterally sent an email that sought to resolve the two drug cases against Defendant, including this one, while requesting the dismissal of the Rhode Island case (which was conveniently the case in which he was the sole remaining defense counsel).  *See* Exhibit 2.  In his email, Attorney Brindley outlined a specific resolution proposal that was different than the proposals involved in the negotiations with Attorney Halpern.  In his communication, Attorney Brindley stated: "I am interested in brokering a deal that works for everyone" – despite being explicitly disqualified from this case due to the Court's concerns as to his ability to properly advise Defendant Melton on these very topics. Attorney Brindley further made clear that, at a very minimum, Defendant Melton wanted to resolve this case and the other drug case before this Court.  The email demonstrates that Attorney Brindley has had discussions with Defendant Melton concerning this case, a potential trial in this case and a potential plea in this case – all in violation of this Court's Order.  In fact, in making his plea pitch, Attorney Brindley claimed that "Fonseca [this case] is stronger" than the Rhode Island case  – thus clearly evaluating this case for the purposes Defendant's decision to plead guilty or to go to trial.

After the email in Exhibit 2, Attorney Brindley, in reply to comments from Attorney Halpern, doubled down on this role as the purported prime negotiator for a resolution of this case and claimed that he had had multiple meetings with Defendant Melton concerning this case.  *See* Exhibit 3.  Attorney Brindley stated: "My point here is to resolve these cases at the explicit direction of Mr. Melton" – *an action he was precluded from taking by the express Order of this Court.  Id.*

As an additional issue, Attorney Brindley is actively attempting to negotiate a plea for Defendant Melton in Case No. 25cr10288-LTS despite representing the co-defendant Theodore Richards in that case and claiming in the prior conflict proceedings before this Court that he would not be involved with the representation Mr. Melton in Case No. 25cr10288-LTS, but rather that Attorney Halpern was the sole legal representative for Melton. *See, e.g.*, Doc. No. 57, Order on Motion to Disqualify Attorney Brindley (attached as Exhibit 4).

Not only has Attorney Brindley improperly acted as a legal representative of Defendant in this case (as well as the other drug case), but the government also has concerns that his prohibited actions have negatively impacted the legal representation of Defendant Melton in this case. On March 18, 2026, the government received communications from Attorney Halpern that a resolution of this case had been agreed to by Defendant Melton. But, after these communications, the government was informed that Attorney Halpern was being asked to withdraw as trial counsel from the case – *five days before trial*. On March 19, 2026, Attorney Halpern filed his motion to withdraw as counsel in this case. Given the communications from Attorney Brindley undercutting the negotiations involving a potential plea, there is a significant question as to whether Attorney Brindley, being disqualified from this case, subsequently interfered with the attorney-client relationship in this case to the detriment of Defendant.

**CONCLUSION**

Attorney Brindley's interjection of himself into this case in contravention of this Court's Order disqualifying him as counsel raises significant Sixth Amendment issues concerning any trial or plea in this case.  The government therefore requests an immediate hearing to resolve these issues, given the impending trial date, and to determine whether a show cause hearing regarding Attorney Brindley's violation of the Court's Order is appropriate.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Date: March 19, 2026                 By: */s/ Michael Crowley*
                                     MICHAEL CROWLEY
                                     SAMUEL R. FELDMAN
                                     Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I, Michael Crowley, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael Crowley*
MICHAEL CROWLEY
Assistant U.S. Attorney

6