## Crowley, Michael (USAMA)

| | |
|---|---|
| **From:** | Beau Brindley < ██████████████████ > |
| **Sent:** | Monday, March 16, 2026 1:19 PM |
| **To:** | Keith Halpern |
| **Cc:** | Beau Brindley; Erickson, Stacey (USARI); Roklan, Peter (USARI); Crowley, Michael (USAMA) |
| **Subject:** | [EXTERNAL] Re: Melton Plea Agreement |

Keith,

You just replied all, which was clearly not your intention. I will do the same for the sake of transparency. But, the bottom line is: he did tell me to get involved. Explicitly. Both before and after your meeting. And again this morning. He wants a deal and he is not satisfied with how the negotiations have gone.

You do not have the authority to negotiate a plea on the R.I. case. I am not sure how you thought you did, but I am not particularly worried about that now. You clearly do not. That's ok. The government needs to decide about the Rhode Island case. You lack knowledge of the facts to make any comment about it. I do not think you have spoken to AUSA's in Rhode Island. Again, this is not my focus. My point here is to resolve these cases at the explicit direction of Mr. Melton. I believe there is room to get rid of this murder for hire and resolve these cases. I would like to work with all parties to do that and obtain a resolution. I think there is room for one. But, the way this has gone so far is not going to get it achieved with the client. According to him, my involvement is necessary. He and I maintain a good working relationship. He asked me to reach out to everyone to get this done. So, I entreat everyone to join in this discussion to find a way to resolution. I am not interested in egoes or perceived affronts. I am interested in a result.

Let's see if we can find one.

Regards,

Beau B. Brindley

On Mon, Mar 16, 2026 at 11:48 AM Keith Halpern < ██████████████████ > wrote:
  As I believe you are fully aware, a plea agreement that would require the dismissal of the R.I. case is a non-starter.
  As I know you are aware, I have been working to resolve all 3 cases, and this would include a plea to the R.I. case.
  Alternatively, Elijah could have pursued a plea to only the drug cases and gone to trial in R.I. He has chosen not to do that.
  He also has chosen to have me handle the plea negotiations. I don't need or want your help.
  Until Elijah tells you otherwise, please do not get involved.

  > On Mar 16, 2026, at 12:26 PM, Beau Brindley < ██████████████████ > wrote:
  >
  > All,

1

>

> I spoke to Mr. Melton on Friday and Saturday.  He has fully advised me about global plea resolutions that have been offered and discussed.  And he has raised concerns about that process.  At this point, I must report that I share some of these concerns.  And I am interested in brokering a deal that works for everyone.  The only way to do that is to reach out to all of you collectively.  Efforts at reaching a deal without my involvement have been unsuccessful.  But, I believe there is room for a deal to be reached.

>

> Since there is no aspect of the proposed resolution that involves cooperation against Mr. RIchards, there is no reason that I should not be advised of ongoing plea discussions. Had I been engaged in these earlier, I believe we might have a resolution already, but that is neither here nor there.  I understand that a proposal for a global resolution has been made, involving a plea to all three cases for an agreed sentencing range of 15-25 years and a resolution of the two drug cases only for an agreed range of 15-22 years.

>

> Let me see if I can help bring this to a full resolution.  Pragmatically speaking, there is a vast difference between the strength of evidence in the Fonesca case (of which I was previously counsel prior to DQ) and the Rhode Island case, where I am current counsel.  Fonesca is stronger.  There is no doubt. For conflict reasons, I will not comment on the Rchards case.

>

> The informant in Rhode Island is going to be a nightmare on the stand. He's going to be badly damaged on cross examination.  And, without him, the evidence is thin.  The recordings feature mostly the informant speaking and proposing things.  The note that gets to Pires has nothing to do with murder for hire.  No money is ever exchanged.  No weapon is ever provided.  It is a weak murder for hire that could be won at trial.  Mr. Melton does not want to plead to that.  But, he does want to resolve these cases.

>

> I propose the following.  In exchange for a plea to the two drug cases, the government agrees to dismiss the murder for hire case.  That will create enormous good faith with Mr. Melton, the perceived absence of which is currently stalling plea negotiations.  If we could reach that agreement, then, I believe Mr. Melton would plead guilty to the drug cases.

>

> If we could reach an agreed term of 17-20, with the murder for hire dismissed, I am certain an agreement could be reached today.  I know this is not the proposal that was made.  But, I also know that it will end these cases with Mr. Melton altogether.  Which I am sure is in everyone's interest.

>

> Let me know if we can agree to this or some variation that could put an end to these cases this week.

>

> Regards,

>

> Beau B. Brindley

>

>

>

>

>